SERGE M. D'ELIA and HARUYO D'ELIA, Plaintiffs-Appellants, *v.* ASSOCIATION OF APARTMENT OWNERS OF FAIRWAY MANOR, Defendant-Appellee

NO. 7206

CIVIL NO. 52602

AUGUST 10, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

348

*Per Curiam.* This is an appeal by the Appellant Apartment Owners from a judgment in favor of the Appellee Association. We affirm.

Appellants contend that it is unfair to charge them maintenance expenses according to the interior and lanai square footage of their apartments. However, the method of apportionment protested is the one the condominium declaration calls for, explicitly and unambiguously. We have no power to amend the declaration.

Appellants also contend that it is unfair for them to be assessed for installing and operating cable television in the condominium although they admit, pursuant to the declaration and the by-laws, an appropriate 80% vote was made in favor of adding such charges. Appellants argue that the definition of "common expenses" contained in paragraph 12(a) of the Declaration of Horizontal Property Regime, a copy of which was attached to the complaint and admitted by the answer, is not sufficiently broad to permit an amendment to add charges for the installation and maintenance of a cable television system because common expenses are limited to expenses of administration.

Paragraph 12(a) of the Declaration reads as follows:

12. *Common Expenses.*

(a) All charges, costs, and expenses incurred by the Association for or in connection with the administration of the Project, including, without prejudice to the generality of the foregoing, operation of the Project and maintenance, repair, rebuilding, and restoration of the common elements and any additions and alterations thereto; all labor, services, materials, and equipment therefor; all liability whatever for loss or damage arising out of or in connection with the common elements, or any accident, fire, or nuisance thereon; and all premiums for fire and extended coverage and liability insurance required herein with respect to the Project; shall constitute common expenses for which the

apartment owners shall be severally liable in proportion to their respective common interests.

Article VII, Section 1 of the By-Laws, which are also attached to the complaint as an exhibit and admitted in the answer, provides:

Section 1. *Assessments.* All apartment owners are obligated to pay to the Managing Agent the monthly assessments levied against them by the Association to meet the common expenses of the Project, including, without prejudice to the generality of the foregoing, the management and operation thereof, the maintenance, repair, rebuilding, and restoration of the common elements, and the premiums for fire and extended coverage and liability insurance. All assessments shall be made in proportion to the respective common interests as determined under Paragraph 8 of the Declaration. . . .

The exhibits attached to appellants' counsel's affidavit in support of appellants' motion for summary judgment, reflect that charges for electricity, gas, water and air conditioning maintenance are included in the condominium's operating budget and thus treated as common expenses despite the somewhat awkward language of the Declaration above quoted. We see no difference in principle or nature between those expenses and the cable television expenses complained of. Accordingly, we hold that the amendment of the Declaration and By-Laws adding those charges was a permissible one and that appellants' contention is without merit.

We affirm the judgment below. We add that we regard this as a frivolous appeal. Accordingly, pursuant to Rule 9(e), Rules of the Intermediate Court of Appeals, appellee may apply for an award of reasonable attorney's fees.

*Naomi Sakamoto* (*Shannon and Sakamoto* of counsel) for plaintiffs-appellants.

*Michael R. Marsh* (*Case, Kay & Lynch* of counsel) for defendant-appellee.